light of the absence of any establishment of an intermediate termination date once the conversation sought was intercepted.

It is alleged that the New Jersey statute under which this wiretap was authorized is for all practical purposes identical to the federal authorization for wiretapping contained in Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U. S. C. § 2510 *et seq.* If the authorization of the wiretap in the instant case, which is the equivalent of a general warrant, is allowed by either of these statutes, then it is difficult to declare them constitutional.

I would grant certiorari.

No. 72–5566.   EGBERT *v.* MARTINEZ ET AL.   C. A. 10th Cir.   Application for extension of time to file petition *nunc pro tunc* presented to MR. JUSTICE WHITE, and by him referred to the Court, denied.   Certiorari denied.

No. 71–1497.   BECK *v.* CONNECTICUT GENERAL LIFE INSURANCE CO., *ante*, p. 845;

No. 71–6500.   DOHERTY *v.* UNITED STATES, *ante*, p. 888;

No. 71–6649.   FAIR *v.* SEBESTA, *ante*, p. 978;

No. 71–6847.   MARTIN *v.* UNITED STATES, *ante*, p. 870;

No. 72–240.   HARPER *v.* UNITED STATES, *ante*, p. 973;

No. 72–319.   KENNECOTT COPPER CORP. ET AL. *v.* STATE TAX COMMISSION OF UTAH, *ante*, p. 973;

No. 72–5014.   CONNORS *v.* JOHNSON, WARDEN, *ante*, p. 1009; and

No. 72–5351.   NEWELL *v.* UNITED STATES, *ante*, p. 1025.   Petitions for rehearing denied.

No. 71–6540.   GRENE *v.* UNITED STATES, *ante*, p. 856. Motion for leave to file petition for rehearing denied.